ELIZABETH OLLEMAR, PROSECUTOR, v. TOWN OF IRVINGTON, IN THE COUNTY OF ESSEX, RESPONDENT.

Argued May 6, 1924—Decided September 29, 1924—Filed October 7, 1924.

**Ordinances—Opening and Extending Streets—Objections of Prosecutor Led Governing Body to Proceed Formally to Find Improvement a Public Necessity—Presumption That Governing Body Has Personal Knowledge of Requirements —Comprehensiveness of Title of Ordinance Need Not Affect Validity.**

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

Supreme Court—Ollemar v. Town of Irvington.

For the prosecutor, *Reed & Reynolds.*

For the respondent, *Charles H. Stewart.*

PER CURIAM.

This writ brings up for review an ordinance of the town of Irvington for the opening and extension of Madison avenue. Such opening and extension is entirely and solely through property of the prosecutrix.

The first reason assigned is:

The board of commissioners did not consider or determine whether or not two-thirds in value of lands to be assessed for the improvement objected thereto. The prosecutrix was the only objector, and while the record shows no formal adjudication by the governing body on this point, yet such omission worked no harm toward prosecutrix. Had they proceeded to pass the ordinance in question as if objections "by the owners of two-thirds in value of the lands proposed to be assessed for benefits accruing from such improvement" had not been filed, then prosecutrix would have been harmed and her rights invaded, but the governing body undoubtedly conceded that the objection of the prosecutrix prohibited them from proceeding with the passage of the ordinance unless the improvement contemplated was a public necessity, and they proceeded, after the filing of such objection, by their resolution of February 26th, 1923, to declare and find, and did thereby determine that the improvement was a public necessity, and thereupon proceeded to finally pass the ordinance in question.

We find nothing improper or irregular in such proceeding.

Second. That the resolution of public necessity goes only to the westerly side of Grove street, not to the tract at the northeasterly corner of Springfield avenue and South Grove street.

This, we think, is not so. The ordinance provides "that Madison avenue be opened and extended from the easterly line of East Speedway avenue easterly to Springfield avenue,

in accordance with the map for the same made by I. J. Casey, Jr., town engineer, on file with the department of streets and public improvements, and which map accompanies this ordinance." Then follows a description of the proposed extension by centre line of the westerly line of South Grove street, and then follows a description of the tract at the northeast corner of Springfield avenue and South Grove street.

The statute provides for such a map. *Pamph. L.* 1922, *p.* 202, § 23.

Taking the language and description in the ordinance, and having reference to the map accompanying the same, there is no difficulty in finding the extent of the improvement, and that it includes the tract at the northeast corner of Springfield avenue and South Grove street.

Third. The commissioners adduced before themselves no evidence or facts upon which to base their conclusion that the improvement was a public necessity.

The statute in question (*Pamph. L.* 1922, *p.* 201, *art.* 20, § 10) presents no such requirement. The presumption is that the governing body has that personal knowledge of conditions, requirements and necessities upon which they can base such a conclusion. Furthermore, such determination was made on February 28th, 1923, at a meeting of which prosecutrix had notice and at which she was entitled to be heard upon this question had she so desired. The record of the case does not disclose any such request on her part.

Fourth. That no public necessity in fact exists. The testimony abundantly shows the contrary.

Fifth and sixth. The title of the ordinance is insufficient and defective.

It is true that the title is not so comprehensive as the context. The title is: "An ordinance to provide for the opening and extension of Madison avenue from East Speedway avenue to South Grove street," while the context is for opening from the easterly line of East Speedway avenue to Springfield avenue.

But that has been held not to affect the validity of an ordinance. *Hershoff* v. *Beverly*, 45 *N. J. L.* 288 (at *p.* 291); *Loertscher* v. *Jersey City*, 84 *Id.* 537 (at *p.* 538).

And the prosecutrix does not show that she has been misled thereby.

The writ of *certiorari* should be dismissed, with costs.